**[813oedts]** [ORDER ESTABLISHING DUTIES OF TRUSTEE AND DEBTOR]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:  
Case No. 8:13−bk−06423−KRM
Chapter 13

Rachel Falk−Bochis
2122 N Lake Eloise Dr.
Winter Haven, FL 33884

_____Debtor\*_____/

ORDER ESTABLISHING (1) DUTIES OF TRUSTEE AND DEBTOR,
(2) PLAN CONFIRMATION PROCEDURES, (3) REQUIREMENTS FOR DEBTOR'S COMPLIANCE,
(4) PROCEDURES FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES, AND
(5) PROCEDURES FOR ADEQUATE PROTECTION PAYMENTS TO SECURED CREDITORS

**The Debtor's failure to timely make payments to the Trustee or to comply with any of the other requirements of this order may result in dismissal of this case without a further motion or hearing.**

   THIS CASE came on for consideration on the filing by the above captioned Debtor of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Terry E Smith , is the Chapter 13 Trustee in this case (the "Trustee"). Pursuant to the procedures established by this Court for Chapter 13 cases, it is hereby

   **ORDERED**:

   1. <u>Additional Information Required to be Filed with Court</u>. No later than fourteen (14) days from the petition date, the Debtor shall file with the Court the lists, statements, schedules required by Rule 1007. If applicable, the attorney for the Debtor shall file a disclosure of compensation within fourteen (14) days from the petition date.

   2. <u>Chapter 13 Plan</u>. No later than fourteen (14) days from the petition date, the Debtor shall file a Chapter 13 plan that complies with section 1322 ("Plan") and that is in the form of the Model Chapter 13 Plan available on the Court's website, www.flmb.uscourts.gov. Modifications to the Model Chapter 13 Plan shall be permitted only if set forth in the "Other Provisions" section of the Plan.

   3. <u>Plan Payments</u>. Payments to be made under the Plan and through the Trustee's office shall include the regular contractual payments to secured creditors that will come due after the filing of petition (and will serve as adequate protection to such creditors), except as follows: (a) for claims secured by property which the Debtor intends to value, the monthly Plan payment shall include adequate protection payments based upon the proposed value of the collateral together with interest; (b) with respect to mortgages for which the Debtor seeks a mortgage modification agreement, the Debtor shall make adequate protection payments calculated at 31% of the Debtor's gross monthly income; (c) the Plan payment need not include post−petition contractual payments on claims secured by property to be surrendered in the Plan or by junior liens on the Debtor's principal residence that the Debtor intends to value and to strip; and (d) pursuant to Paragraph 6 below, the Debtor may make post−petition payments directly to secured creditors or lessors on claims that are not in default, for which no arrearages are being cured through the Plan, and which the Plan does

not modify. (NOTE the provisions of Paragraph 7.) Except as provided herein or ordered otherwise, payments to all secured creditors must be included in the Plan payments paid through the Trustee.

4. <u>Payments to Trustee</u>. No later than thirty (30) days after the petition date, the Debtor shall commence making to the Trustee all payments which are proposed by the Plan, including payments to secured creditors as set forth in Paragraph 3, so that the total monthly payment required by the Plan is received by the Trustee at – **Post Office Box 830, Memphis, TN 38101–0830** on __June 14, 2013__ , and on the same day of each succeeding month. **If the Trustee does not receive any payment when due, the Trustee may seek dismissal of this case.** All payments must be made by cashier's check or money order. Each payment shall include the Debtor's name, legibly printed, and the case number. Except as otherwise provided for in this order or in a subsequent order, the Trustee shall hold these funds pending entry of the order confirming the Debtor's plan in accordance with the provisions of section 1326(a)(2). The Trustee is authorized to pay from these funds any fees and charges assessed against the estate by law as authorized by section 1326(b).

5. <u>Adequate Protection for Secured Creditors</u>. Pending confirmation of a Plan and as a condition of the Debtor's continued possession or use of property that is subject to a security interest, the Debtor shall provide the following which, taken collectively, shall constitute adequate protection to each such secured creditor:

(a) Pursuant to section 1326(a)(1) adequate protection payments required to be made by the Debtor pursuant to section 1326(a)(1)(C) shall be paid by the Chapter 13 Trustee to secured creditors from Plan payments made by the Debtor to the Trustee, as described in Paragraph 3 above.

(b) The Debtor shall timely file the Plan and all required information, as provided in Paragraphs 1–3 above.

(c) The Debtor shall make all payments due to the Trustee, as provided in Paragraph 3 above.

(d) All payments to the holders of secured claims, as proposed in the Plan or any amended Plan, are allowed as costs and expenses of preserving the estate within the meaning of section 503(b)(1)(A).

(e) The portion of the Plan payments to the Trustee that are allocated to adequate protection payments to secured creditors, as described in Paragraph 3 above, and to holders of allowed administrative claims shall be accumulated and held in trust by the Trustee for the benefit of the respective secured and administrative expense creditors (the "Trust Funds"). If the Debtor's attorney does not seek compensation in excess of the Court's Presumptively Reasonable Fee and additional fees as approved in the Court's *Order Establishing Presumptively Reasonable Debtor's Attorney Fee in Chapter 13 Cases, Misc. Pro. 07–02, August 31, 2007, as amended,* then such fee is hereby deemed to be an allowed administrative expense for purposes of entitlement to Trust Funds. The Trustee shall disburse the accumulated Trust Funds to the respective secured creditors and administrative expense creditors upon the occurrence of the first of the following events:

(1) Confirmation of a Plan;

(2) Dismissal of the case; or

(3) Notwithstanding the provisions of section 726(b), conversion of this case to a case under another chapter of the Bankruptcy Code.

The plan's allocation of the Debtor's attorney fee for Trust Funds purposes may not exceed $525 per month. If a payment received from the Debtor is insufficient to pay 100 percent of the Plan's monthly allocation to the secured creditors and administrative expense creditors, the payment shall be prorated among all creditors having an entitlement to Trust Funds.

(f) Notwithstanding the provisions of subparagraph (e)(1)–(3) above, the Trustee shall make monthly disbursements of adequate protection payments to secured creditors from the applicable Trust Funds prior to confirmation of the Plan or dismissal or conversion of this case, as soon as practicable after receipt from the Debtor of the second timely Plan payment, provided that: (1) the Plan or any amended Plan provides for such payment to the secured creditor; (2) the secured creditor has filed a proof of claim and has served the Trustee, the Debtor and the Debtor's attorney, if applicable, with a copy of the proof of claim; and (3) no objection to the proof of claim is pending or the Debtor otherwise consents to the disbursement. The adequate protection payments may be made by the Trustee as soon as practicable to secured creditors after a valid proof of claim is on file, regardless of whether the confirmation hearing has been held.

(g) The Trustee is authorized to deduct from any monies collected pursuant to Section 1326 his normal percentage on the funds distributed (either pre–confirmation or post-confirmation) as necessary costs and expenses together with any fee, charge or amount required under section 1326 and 28 U.S.C. Section 586(e)(2).

(h) All Trust Funds held by the Trustee shall be disbursed in accordance with the provisions of section 1326 unless otherwise provided herein or in a subsequent court order.

(i) All disbursements of Trust Funds to a secured creditor, as provided above, shall be deemed to be adequate protection payments. Acceptance of such payments will not be deemed a waiver of any creditor's rights to contest confirmation or the Debtor's valuation of collateral, to request relief from the automatic stay on grounds other than a default in payments, or to request additional adequate protection.

(j) If a creditor holding a secured claim desires to receive adequate protection or Plan payments at an address different from that stated on the secured creditor's proof of claim, the secured creditor must provide written notice to the Trustee and provide a copy of the notice to the Debtor. Further, if the post–petition contractual monthly payment increases or decreases during the pendency of this case, the secured creditor shall promptly provide written notice to the Trustee and provide a copy of the notice to the Debtor. The Trustee shall adjust the Plan payments accordingly and notify the Debtor and Debtor's attorney of the amount of the adjusted payment.

(k) All post–petition late fees and charges (but not interest) accruing under the Debtor's contract with the secured creditor will be discharged upon entry of the Debtor's discharge. Accordingly, during the pendency of this case, <u>such late fees and charges may accrue but will not be allowed as part of the secured creditor's claim unless the Plan is not confirmed or the case is converted after confirmation and applicable bankruptcy law permits allowance of such late fees and charges</u>.

(l) Within fourteen (14) days of a written request by a secured creditor, the Debtor must provide proof of insurance as required by the loan documents.

(m) Within twenty–four (24) hours of any telephonic request by a secured creditor, the Debtor must allow inspection of the collateral as required by the loan documents.

6. <u>Direct Payments to Secured Creditors</u>. The Debtor is authorized to make post–petition payments directly to secured creditors or lessors on claims that are not in default, for which no arrearages are being cured through the Plan, and which the Plan does not modify. HOWEVER, THE AUTOMATIC STAY AS TO ANY SUCH SECURED CREDITOR OR LESSOR IS TERMINATED AS SET FORTH IN PARAGRAPH 7 BELOW.

7. **Termination of the Automatic Stay. If the Plan provides for the surrender of property to the secured creditor or lessor or for payments to be made by the Debtor directly to the secured creditor or lessor, such secured creditor or lessor is hereby granted in rem relief from the automatic stay to pursue its remedies against the property which is security for the claim or the subject of the lease. In the event the Plan is amended to provide for payments to the secured creditor or lessor through the Plan, the Debtor or his attorney shall immediately file a motion to reimpose the automatic stay. If the Plan provides for claims secured by real property for which the Debtor intends to seek a mortgage modification, absent further order of the Court, the automatic stay shall terminate 6 months after the filing of the Debtor's bankruptcy petition.**

8. <u>Modification of the Automatic Stay</u>. The automatic stay is hereby modified to permit creditors whose claims are secured by mortgages on the Debtor's real property to communicate directly with the Debtor in good faith regarding the possible modification or refinance of the mortgage obligation.

9. <u>Meeting of Creditors and Documents to Be Submitted to Trustee</u>. A meeting of creditors shall be scheduled pursuant to section 341 (a) and Rule 2003 (a). The Debtor shall appear at the scheduled meeting of creditors. No later than seven (7) days before the date first set for the meeting of creditors, the Debtor shall provide the Trustee with copies of tax returns for the two years preceding the petition date and copies of all pay stubs, advices, or documentation of income sources ("Payment Advices") for the six month period ending on the last day of the month preceding the month of the petition date.

10. <u>Confirmation Hearing</u>. The Clerk is directed to schedule a confirmation hearing between 20 and 45 days after the date first set for the meeting of creditors. It is the Debtor's responsibility to be current in payments to the Trustee and to ensure to the extent possible that the case is ready for confirmation (i.e., court approval of the Plan) at the time first set for confirmation. Following the meeting of creditors, the Trustee shall file and serve a Recommendation Concerning Confirmation of the Plan. The Debtor shall correct any deficiencies or problems listed in the Recommendation Concerning Confirmation of the Plan at least seven (7) days prior to the confirmation hearing. At

the confirmation hearing, the Court will consider confirmation of the Plan. At the confirmation hearing, all pending motions and objections, including any motion to dismiss and any objections to confirmation or objections to claims, will be considered on a preliminary, non–evidentiary basis. If there are any pending objections or motions that require an evidentiary hearing, or if there is any other cause to defer confirmation (e.g., the existence of known, but unfiled claims by the I.R.S. or secured creditors), the Court will continue the confirmation hearing to a later date, which adjournment will be announced in open court at the first scheduled confirmation hearing.

11. <u>Deadline to File Certain Motions and Objections to Claims</u>. No later than thirty (30) days after the claims bar date, or within fourteen (14) days after the filing of an amended claim, the Debtor or the attorney for the Debtor shall, if necessary under the circumstances of the case, do one or more of the following:

(a) file an amended Plan, if the Plan has not been confirmed;

(b) file a motion to determine the secured status of claim;

(c) file a motion to avoid a lien that may be required to be avoided to obtain confirmation;

(d) file a motion to modify a confirmed Plan; or

(e) object to the claims that should be disallowed.

With respect to subparagraphs (a) and (d) above, the Debtor or attorney for the Debtor shall serve a copy of the amended Plan or motion to modify a confirmed Plan upon the Trustee and all other parties in interest and promptly file a certificate of such service. With respect to subparagraphs (b), (c), and (e) above, the Debtor or attorney for the Debtor shall serve a copy of the motion or objection on the Trustee and the affected creditor in the manner required by Rule 7004, and promptly file a certificate of such service.

12. <u>Attorney's Fees</u>. Consistent with Rule 2016(b), the Debtor's attorney must file supplemental disclosures for all payments received from the Debtor after this case is filed. Failure to file the required disclosures may result in the disgorgement of fees paid.

Pursuant to Rule 2016(b), a pre–petition retainer paid to counsel for the Debtor, whether received from the Debtor or other person for the benefit of the Debtor, must be disclosed in writing to the Court and to the Trustee, No post–petition fees or expenses may be taken or requested directly from the Debtor (whether from the Debtor or other person for the benefit of the Debtor), unless said fees are paid through the Plan, except for post–confirmation payments deposited into an attorney's trust account and held in that trust account pending order of the Court, after written notice to the Trustee and other parties in interest. The Debtor's counsel must assist the Debtor in all matters related to this case unless the Court allows withdrawal of counsel from the case. The Debtor's counsel shall not withhold legal advice or assistance of any kind from the Debtor for lack of payment.

13. <u>Filing of Tax Returns with Agency</u>. No later than the day before the initial meeting of creditors is scheduled, the Debtor shall file with the appropriate agency any delinquent tax returns for any tax period concluding within the two years before commencement of this case. The Debtor shall simultaneously provide a copy of the returns to the Trustee. During the pendency of this case, the Debtor shall file all tax returns when due and make all tax payments and deposits when due. The Debtor shall maintain copies of all tax returns and proofs of payment and provide copies, upon request, to any appropriate taxing authority, the Trustee, or any creditor as required under section 521(e)(2)(c).

14. <u>Filing Claims on Behalf of Creditors</u>. Pursuant to Rule 3004, within thirty (30) days after the expiration of the claims bar date, the Debtor may file a proof of claim on behalf of a creditor whose claim is proposed to be paid through the Plan and that has not been timely filed by the creditor.

15. <u>Extension of Time to File Objection to Debtor's Claims of Exemption</u>. To assure proper administration of this case in the event of conversion to another chapter, and pursuant to section 105, the Court hereby extends the time for a trustee or any party in interest to file objections to the list of property claimed as exempt by not later than (a) thirty (30) days after the conclusion of the meeting of creditors after conversion of this case to a case under another chapter or (b) thirty (30) days after the filing of any amendment to the list or supplemental schedules, whichever is later, unless within such period, further time is granted by the Court; provided, however, that this extension of time does not apply to or limit the right of any party in interest to object to entry of a discharge pursuant to section 1328(h) on the ground that section 522(q)(1) may be applicable to the Debtor. To the extent necessary, the extension of time to object to the Debtor's claim of exemptions includes and extends beyond the confirmation hearing in this case, so that the Trustee or any party in interest may contest the Debtor's claimed exemptions in objecting to confirmation of the Plan.

16. <u>Cooperation with Trustee</u>. The Debtor and Debtor's counsel shall cooperate with the Trustee, both before and after Plan confirmation, as necessary to enable the Trustee to perform the Trustee's duties under the Bankruptcy

Code. Upon the Trustee's oral or written request, the Debtor shall provide recorded information, including books, documents, records, and papers, relating to property of the estate. If the Trustee requests that a current appraisal of real or personal property be made, then the Debtor, at Debtor's expense, shall have the appraisal made and deliver a copy of the appraisal to the Trustee within thirty (30) days of the request. The current appraisal shall be done by a qualified appraiser, acceptable to the Trustee, and in a form and manner acceptable to the Trustee.

17. <u>Notice of Domestic Support Obligations</u>. At the meeting of creditors, the Debtor shall inform the Trustee of any domestic support obligation, as defined in section 101(14A). If there is a domestic support obligation then the Debtor shall provide at the 341 meeting (if not sooner): the name of the holder of claim, the address of the holder of the claim, the state court case number (if applicable), and the telephone number of the holder of claim. During the pendency of this case, the Debtor shall provide the same information to the Trustee respecting any domestic support obligation arising after the meeting of creditors.

18. <u>Default</u>. The Debtor's failure to make payments to the Trustee when due or to timely comply with any of the requirements of this order may result in dismissal of this case or conversion to a case under Chapter 7 of the Bankruptcy Code upon motion by the Trustee or a party in interest.

BY THE COURT

_____
Dated: May 17, 2013            K. Rodney May
United States Bankruptcy Judge

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

** All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

Copies to be provided by CM/ECF service to:
All Creditors as Listed on Matrix

APPENDIX

<u>State Taxes</u>

<u>Sales Taxes</u>. Mail reports and payments to:

> State of Florida
> Department of Revenue
> Office of General Counsel/Bankruptcy Section
> P. O. Box 6668
> Tallahassee, FL 32314–6668

<u>Federal Taxes</u>

Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits. Deposits are to be made by cashiers or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes. If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).

Mail original returns (pre–petition), (prior to confirmation) to the appropriate district office according to the county listed in the bankruptcy petition as the Debtor's residence or place of operating business.

If any taxes are due on the pre–petition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy.

| <u>Jacksonville District</u> | <u>Ft. Lauderdale District</u> |
|---|---|
| Internal Revenue Service | Internal Revenue Service |
| Attn: Insolvency Stop 5720 | Attn: Insolvency Stop 5730 |
| 400 W. Bay Street, Suite 35045 | P. O. Box 17167 |
| Jacksonville, FL 32202 | Ft. Lauderdale, FL 33318 |

Mailing of original returns, (post–petition), (after confirmation) and/or payments for those specific returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.